[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEBT DISPUTE
Plaintiff seeks to foreclose a mechanics lien filed on property owned by the defendants (Richard and Joann Bianco). Defendants and the general contractor ("Spearhead") went to arbitration over the contractor's bill. The arbitrator's award states, in relevant part, that:
 "Spearhead Construction Corporation shall obtain from the town of Greenwich Building Department approvals necessary for owners permanent records. These documents shall include:
 1. Set of Construction drawings stamped with town of Greenwich Building department approval.
 2. Certificate of occupancy issued by town of Greenwich.
 3. All Plumbing (sic), Electrical, HVAC approvals as is usual for the town of Greenwich Building Department to issue at completion of alterations of single family residents (sic).
 When above documents have been received by Spearhead Construction Corporation they should be turned over to Mr. Mrs. Bianco and Mr. Mrs. Bianco should Immediately pay to Spearhead Construction Corporation the sum of $101,000.00 as full and final payment for work completed by Spearhead Construction Corporation at the Bianco's Residence. With this payment Spearhead Construction Corporation shall immediately remove the lien it has placed on the Bianco's Resident in the amount of $146,902.00
 The $101,000.00 to be paid by Mr. and Mrs. Bianco to Spearhead Construction Corporation CT Page 1515 shall be placed in an escrow account administered by the attorney for Spearhead Construction Corporation (Daniel Moger, Jr., Jacques, Murray Moger, 534 E. Putnam Ave. Greenwich, CT) with the understanding that all these funds will immediately be used to pay subcontractors and materialmen owed money on account of work done at the Bianco's residence for the Spearhead Construction Corporation. Priority of payments to Subcontractors and materialmen shall first be made to remove all liens and foreclosure actions brought against Mr. Mrs. Bianco on account of work done by Spearhead Construction Corporation at 145 Round Hill Road Greenwich, CT."
The parties agree that no certificate of occupancy has been issued by the Town of Greenwich. Defendants contend that this certificate is a condition precedent to their obligation to pay Spearhead $101,000.00 for the work it performed at their residence. Defendants argue that the failure of the condition precedent means that no debt is owed to Spearhead; therefore, no debt is due the plaintiff subcontractor.
The court finds from the evidence that installation of a hard-wired smoke detector in or near the maid's bedroom is all that is needed to obtain a certificate of occupancy. This type smoke detector is required by the applicable state building code; therefore, Spearhead Construction was obligated by its contract with the Biancos to install the detector. However, the court is satisfied from the evidence that the Biancos have effectively prevented Spearhead from doing the installation by refusing it access to the premises.
In support of their claim, defendants rely on the subrogation theory underlying Connecticut's mechanic's lien law. Connecticut General Statutes 49-33 (f) states, in part, that "such subcontractor shall be subrogated to the rights of the person through wh whom such contractor claims. . . ." Seaman v. Climate Control Corp., 181 Conn. 592, 601-02 (1980), explains:
 In this state, a subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor. Subrogation is consistent with, and an integral part of, our statutory provisions. . . ."
CT Page 1516
Defendants' claim turns on construing the production of the certificate of occupancy as a condition precedent to any debt arising from the Biancos to Spearhead. The court does not so read the requirement. The award is clearly based on a determination that $101,000.00 was owed for "work completed by Spearhead Construction Corporation at the Bianco's residence." (See Award, supra, emphasis supplied.) A debt was found to be due from the Biancos to Spearhead but the time of payment was deferred until production of the documents listed in the award. The parties have agreed that only the certificate of occupancy is at issue. As the Biancos have prevented Spearhead from installing the detector and thereby obtaining the certificate, the debt is due now.
No evidence was presented as to the cost of installing the detector, but there is certainly not even a suggestion that it would exceed the debt owed to Spearhead. The cost of putting in the smoke detector would, at most, merely reduce the $101,000.00 debt by some amount.
Lastly, defendants argue that if a debt is found due here they would be liable for "double jeopardy" as they have been ordered to pay Spearhead for the same services. The short answer to this claim is that the defendants may obtain a credit for this payment under the terms of the award as the award requires that the $101,000.00 be used to pay subcontractors and materialmen.
The court finds the debt to be $52,155.81 through October 1, 1990. The court finds the fair market value of the land to be $2,900,000.00 and the improvements $600,000.00 for a total fair market value of $3,500,000.00.
Plaintiff should file a motion for judgment of foreclosure to be heard in the normal course. At that time the court will consider the remaining matters, including whether to order a strict foreclosure or a sale.
E. EUGENE SPEAR, JUDGE